UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 19-23360-CIV-MORENO

DANIZE DIAZ,

    Plaintiff,

vs.

WILLIAM ORLANDO DIAZ,

    Defendant.
_____/

## ORDER DISMISSING CASE AND DENYING ALL PENDING MOTIONS AS MOOT

THIS CAUSE came before the Court upon Plaintiff Danize Diaz's Complaint for a Civil Case, Application to Proceed in District Court Without Prepaying Fees or Costs, and Emergency Motion. The Court conducted a *sua sponte* examination of the record, and for the reasons set forth below, this case is DISMISSED and all pending motions are DENIED AS MOOT. Simply put, this case does not state a federal cause of action; but it may belong in a state court where issues concerning parental and spousal rights are decided.

## BACKGROUND

Plaintiff's *in forma pauperis* Complaint asserts as a basis for federal question jurisdiction that Defendant William Orlando Diaz is violating Plaintiff's: (1) "access to [her] house"; (2) "parental full custody rights"; (3) "parental rights to [her] children['s] schools"; and (4) "rights to [her] mail and packages." The *in forma pauperis* Complaint further alleges that Defendant is violating Plaintiff's: "rights of important documents, and mail, and religious packages"; "rights to enter [her] children's school and activities"; and "rights to sleep on [her] bed in [her] bedroom."

Plaintiff asks the Court for certain relief, including recovery of her: (1) "OBGYN medical fees for pap-smears"; (2) "Dade County Health Insurance"; and (3) "contact lenses and eye glasses." As another basis for relief, Plaintiff asserts that "[a]limony and child support divorce proceedings [are] being delayed on purpose."

## DISCUSSION

Federal courts are courts of limited jurisdiction, deriving their authority from both constitutional and legislative sources. *See* U.S. Const. Art. III; 28 U.S.C. § 1331; *Keene Corp. v. United States*, 508 U.S. 200, 207–08 (1993). It is exclusively the power of Congress to restrict the jurisdiction of federal courts to adjudicate certain kinds of cases. *See Keene Corp.*, 508 U.S. at 207. Regarding domestic relations cases, the Supreme Court has emphasized that "[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 12 (2004) (citation omitted), *abrogated on other grounds*, *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 126–27 (2014). "Consistent with this allocation of authority, the Federal Government, through our history, has deferred to state-law policy decisions with respect to domestic relations." *United States v. Windsor*, 570 U.S. 744, 767 (2013); *see also Ingram v. Hayes*, 866 F.2d 368, 371 (11th Cir. 1988) (noting other circuit courts "willingly apply the domestic relations exception to federal questions and constitutional issues involving intra-family disputes") (*per curiam*); *Kirby v. Mellenger*, 830 F.2d 176, 177–78 (11th Cir. 1987) ("As a general rule, the federal courts refuse to hear suits for divorce and alimony, child custody actions, disputes over visitation rights, suits to establish paternity and to obtain child support, and actions to enforce separation or divorce decrees still subject to state court modification.") (*per curiam*) (internal citation and quotations omitted).

Here, Plaintiff asserts as a basis for federal question jurisdiction that Defendant is violating Plaintiff's: (1) "access to [her] house"; (2) "parental full custody rights"; (3) "parental rights to [her] children['s] schools"; and (4) "rights to [her] mail and packages." (D.E. 1 at 3.) Simply put, Plaintiff's claims do not raise any federal questions. Furthermore, the rights that Plaintiff claims have been violated are the province of state courts, and for this reason, should Plaintiff seek to vindicate the alleged violation of her rights, she must do so in state court. For these reasons, the Court finds that it lacks subject-matter jurisdiction and the case must be dismissed.

Even if the Court has subject-matter jurisdiction over this case, the *in forma pauperis* Complaint should be dismissed under 28 U.S.C. Section 1915(e)(2)(B)(i). Section 1915(e)(2)(B)(i) provides that a court "shall dismiss [an *in forma pauperis* action] at any time if the court determines that . . . the action . . . is frivolous or malicious." According to the United States Supreme Court, a complaint is frivolous "where it lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (discussing dismissals under former section 1915(d), which contained the same language as current section 1915(e)(2)(B)(i)). A court may dismiss claims under section 1915(e)(2)(B)(i) where the claims rest on an indisputably meritless legal theory or are comprised of factual contentions that are clearly baseless. *Id.* at 327.

The issues raised by Plaintiff regarding her home and her children are not necessarily "frivolous" in the regular definition because they are important; however, they do not give this federal court jurisdiction. Accordingly, it is

ADJUDGED that this case is DISMISSED, and all pending motions are DENIED AS MOOT. This case is CLOSED.

**DONE AND ORDERED** in Chambers at Miami, Florida, this ___ of August 2019.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

Danize Diaz
410 NW 81 Street
Miami, FL 33150
<u>Pro Se</u>